# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : CASE NO.: 4:24-CR-19 (CDL) |
| v. | : |
| **COREY TURNER,** | : |
| Defendant, | : |
| **CORAL CRAWFORD,** | : |
| Petitioner. | : |

## CONSENT ORDER

The Settlement Agreement and Release of Claims entered herein by the United States of America, and *Pro Se* Third-Party Petitioner Coral Crawford ("Petitioner"), have executed and presented to the Court a Stipulated Settlement Agreement and Release of Claims ("Agreement"), which is attached hereto and made a part of this Order, in which they agreed that the United States shall release the following personal property to the Petitioner: one (1) Girsan, Model: Regard MC, 9mm semi-automatic pistol, Serial Number: T6368-21A03260.

Accordingly, the Court hereby makes the following findings of fact and conclusions of law:

1. This Court has jurisdiction of this matter pursuant to 18 U.S.C. ' 3231, and venue is proper pursuant to 18 U.S.C. '3232 and FED. R. CRIM. P. 18.

2. On May 12, 2021, the Petitioner purchased a Girsan, Model: Regard MC, 9mm semi-automatic pistol, Serial Number: T6368-21A03260, from Shooters of

Columbus, located in Columbus, Georgia. Petitioner was the original purchaser of the Girsan firearm.

3. On June 26, 2023, the Petitioner filed an Incident Report with the Columbus Police Department, Case Report No. 2306260012620-001. The Petitioner reported that the Girsan firearm along with other items were stolen from his vehicle parked at his residence located at 4901 Lapaloma Drive, Columbus, Georgia.

4. On August 14, 2024, a Federal Grand Jury sitting in the Middle District of Georgia, returned a multiple-count Indictment [Doc. 1] against the Defendant, Corey Turner (hereinafter referred to as the "Defendant" or "Turner") and others. Count One of the Indictment charged that Turner, did knowingly and intentionally conspire, with other persons known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance, to wit: at least 500 grams of a substance containing a detectable amount of methamphetamine; at least 100 kilograms of marijuana; and a mixture and substance containing a detectable amount of cocaine, all in violation of Title 21, United States Code, Section 846, in connection with Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(vii) and (b)(1)(C).

5. The Indictment included a Forfeiture Notice, which notified Defendant Turner that upon conviction of the offense(s) set forth in the Indictment, he would be required to forfeit to the United States pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly and indirectly, as a result of such offense(s), and any property, real or personal, used, or

intended to be used in any manner or part to commit, or to facilitate the commission of, the offense(s).

6. On April 22, 2025, Defendant pled guilty to Count One of the Indictment charging Turner with Conspiracy to Possess with Intent to Distribute Controlled Substances, in violation of Title 21, United States Code, Section 846, in connection with Title 21, United States Code, Sections 841(a)(l), (b)(1)(A)(viii), (b)(1)(B)(vii) and (b)(1)(C). *See* Docs. 198-199. As part of his Plea Agreement, the Defendant consented to the forfeiture of the following property, to wit: one (1) Girsan, Model: Regard MC, 9mm semi-automatic pistol, Serial Number: T6368-21A03260, with approximately fifteen (15) rounds of ammunition.

7. On July 28, 2025, the United States filed a Motion and Memorandum for the Issuance of a Preliminary Order of Forfeiture, which included the forfeiture of the Girsan firearm. The Court entered an Order granting the preliminary motion for forfeiture on July 29, 2025.

8. The United States has provided direct written notice to third parties who may have a legal interest in the aforementioned property, and notice of this forfeiture and the intent of the United States to dispose of the property in accordance with the law by publishing and notifying third parties of their right to petition the Court within thirty (30) days after receipt of notice, or no later than sixty (60) days from the first day of publication on the official internet government forfeiture website, www.forfeiture.gov whichever is earlier, for a hearing to adjudicate the validity of their alleged legal interest in the property.

9. On September 5, 2025, Petitioner filed a Petition asserting his interest in the Girsan firearm as having been stolen. The Petition was docketed by the Clerk as a Motion for Return of Property/Post Trial. As of today's date, no other ancillary petitions have been filed with the Court. The deadline to file a petition under the publication is October 20, 2025.

10. In his Petition, Petitioner Crawford included a copy of the Columbus Police Department's Incident Report showing that he had reported the Girsan firearm as stolen.

11. The Petitioner has shown a prior vested or superior interest in the Girsan firearm as stolen property, in accordance with Title 21, United States Code, Section 853(n)(6)(A), that any criminal violations involving the stolen firearm occurred without the knowledge of Petitioner, and he did not know and was reasonably without cause to believe that the firearm would be subject to forfeiture.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. Upon the entry of this Consent Order, the United States prevailing against any other claims, and the entry of a final order of forfeiture, the United States will release the following firearm to the Petitioner when no longer needed as evidence in this case, to wit: one (1) Girsan, Model: Regard MC, 9mm semi-automatic pistol, Serial Number: T6368-21A03260.

2. Unless specifically directed by an order of the Court, Petitioner shall be excused and relieved from further participation in this action.

3. The United States may void the Agreement if, before transfer a:n.d release of the Girsan firearm, the United States Attorney obtains new information indicating that the Petitioner is prohibited from possessing firearms.

4. Pursuant to 28 U.S.C. § 2465, no parties shall be entitled to attorney's fees, including any costs under 28 U.S.C. § 2412.

SO ORDERED, this 18th, September, 2025.

S/ Clay D. Land
CLAY D. LAND, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA

THE ENTRY OF THE FOREGOING ORDER IS CONSENTED TO BY:

WILLIAM R. KEYES
UNITED STATES ATTORNEY

MICHAEL PATRICK MORRILL
Assistant United States Attorney
Georgia Bar Number: 545410

CORAL CRAWFORD
PRO *SE* THIRD-PARTY PETITIONER

5